UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH D. DAVIS,

Plaintiff,

v.

Case No. 2:26-cv-01546-KCD-KRH

SYMETRA LIFE INSURANCE COMPANY, LPL FINANCIAL, LLC,

Defendants.
_____________________________________/

# ORDER

Plaintiff Joseph D. Davis sues Defendants Symetra Life Insurance Company and LPL Financial, LLC for breach of contract. He says the companies refuse to release funds owed under his annuity and retirement contracts. But a judgment creditor in California lays claim to those same funds, prompting Defendants to file interpleader actions in California before Davis brought this case. Wanting to avoid litigating the same core dispute on two fronts, Defendants now ask this Court to dismiss Davis's suit or, alternatively, transfer it to the Central District of California. (Doc. 27, Doc. 28.) The Court now transfers the case for the reasons stated below.

Davis has an annuity contract with Symetra and an IRA contract with LPL. Under both agreements, Davis is owed monthly payments. Since 2020, the year Davis became a Florida resident, he has been involved in California

litigation over a $5,000,000 judgment against him. (Doc. 23 ¶¶ 8, 12.) Bagby, the creditor on that judgment, has twice attempted to levy the judgment against Davis's monthly annuity payments from Symetra. *See Bagby v. Davis*, No. B338600, 2026 WL 746860, at *4 (Cal. Ct. App. Mar. 17, 2026).[1] And Davis has twice attempted to obtain an exemption from the levy. *Id.*

Initially, a California court granted Davis an exemption using a Florida law that prevents creditors from collecting on annuities. *Bagby*, 2026 WL 746860, at *1. When Davis filed for an exemption from a second levy against his Symetra funds, a California court applied its own exemption law—stating that, regardless of Davis's domicile, "the courts of each state follow their own exemption laws, not those of other states." *Id.* * 4. The second court held that Davis was not exempt from Bagby's second levy on the annuity payments.

Bagby also sought to levy Davis's monthly IRA payments from LPL. *Bagby v. Davis*, 118 Cal. App. 5th 652, 660 (2026). Davis, again, claimed exemption. *Id.* The presiding court applied California law, ruling that "Davis's domicile was irrelevant, because the law of the forum state governs the determination of whether an asset is exempt from collection." *Id.* The court found that, under California exemption laws, the IRA funds were not exempt and were subject to collection. *Id.*

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Faced with competing demands from Davis and Bagby, Defendants stopped making payments and filed separate interpleader actions in California. (Doc. 27-3, Doc. 27-4 at 1-7.) Both ask California courts to decide who is the rightful owner of the funds to protect Defendants from having to pay twice. Defendants also sought to head off any ancillary lawsuits to determine the exemption issue.

Undeterred, David filed this case in Florida. (Doc. 23.) He alleges that Symetra and LPL breached their contracts by stopping his payments. The problem, as mentioned, is that the California courts have already weighed in. Applying California law, a state appellate court concluded that the funds held by Defendants are fair game for Bagby's collection efforts. That creates a dilemma: Defendants cannot pay Bagby without breaking their contractual promises to Davis. That dilemma is why Defendants filed their interpleader actions. They are asking a judge to declare whether the California judgment gives them a legally valid excuse to redirect Davis's funds to Bagby. At bottom, then, this case and Defendants' interpleader actions present the same issue for adjudication: who rightfully gets the money.

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Gratuity Sols., LLC v. Toast, Inc.*, No. 2:24-CV-737-JLB-NPM, 2025 WL 1023745, at *2

(M.D. Fla. Apr. 7, 2025). "The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings." *Id.* Because Symetra filed its interpleader case in the Central District of California first, that forum prevails. The caveat is that LPL filed its interpleader case in the Superior Court of California—a state court. But "the first-to-file rule doesn't require that the parties and issues involved be identical; it requires only that they are sufficiently similar or substantially overlap." *Elliott v. Williams*, 549 F. Supp. 3d 1333, 1339 (S.D. Fla. 2021). Here, the overlap is undeniable. As mentioned, all of these lawsuits hinge on the exact same question: does Davis or Bagby have the superior legal right to these retirement funds?

Recognizing that it makes little sense to litigate that single question across different jurisdictions, both Symetra and LPL have asked this Court to transfer the entire dispute to the Central District of California, where Symetra's federal interpleader is already underway. LPL even plans to intervene in that action if this case is transferred, bringing all the competing claims under one roof. That practical approach perfectly serves the first-to-file rule's objective—preventing a wasteful duplication of judicial effort and the obvious risk of contradictory judgments.

In defense of keeping the case in Florida, Davis argues that it would be inconvenient for him, at 84 years old, to litigate in California. *See Elliott*, 549 F. Supp. 3d at 1340 ("[C]ourts have found compelling circumstances based on

the convenience of the parties and the second-filed forum's connection with the controversy.") But Davis moved to Florida in June 2020—just one month before a California court hit him with a $5 million default judgment after years of malpractice litigation. (Doc. 23 ¶ 8); *see Bagby*, 118 Cal. App. 5th at 656. Any geographical inconvenience Davis now faces in dealing with the enforcement of that judgment is entirely of his own making. Florida's connection to this controversy is also marginal at best. California is where the judgment was entered and where the collection efforts that halted Davis's annuity payments actually took place.

Davis separately argues that he does not consent to personal jurisdiction in California. But his consent is not required. *See Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) (explaining that a court can exercise personal jurisdiction over a nonresident defendant who purposefully availed himself of the privilege of conducting activities in the forum or purposefully directed his activities at the forum or resident thereof). Davis offers no actual argument that the California court lacks jurisdiction over him. And it's easy to understand why. He lived and practiced law in California, represented Bagby in California state court, incurred a $5 million malpractice judgment there, and spent years litigating the enforcement of that very judgment through the California appellate courts. Given those contacts giving rise to this financial dispute, the Court has no doubt California possesses jurisdiction.

Finally, Davis accuses Symetra of trying to avoid this lawsuit by racing to file first in California. *See Elliott v. Williams*, 549 F. Supp. 3d 1333, 1340 (S.D. Fla. 2021) ("[C]ourts have disregarded the first-to-file rule where one party, tipped off to a potential lawsuit by the other, races to his own forum's courthouse."). However, neither Symetra nor LPL have an interest in whether the interpleaded funds belong to Davis or Bagby. As neutral stakeholders, they will not even serve as the main parties in the litigation. *See Mack v. Kuckenmeister*, 619 F.3d 1010, 1015 (9th Cir. 2010); *see also Scottrade, Inc. v. Gibbons*, 590 F. App'x 657, 659 (9th Cir. 2014) (holding it proper to dismiss as a party the neutral stakeholder who initiated the interpleader action). So Symetra's "race" to file in a forum where similar issues were already litigated is not the kind of suspicious, compelling circumstance that excuses this case from the first-filed rule.

The Central District of California is already at work untangling the competing claims to the same retirement funds at issue here. Asking this Court to run a parallel track makes no sense. It would waste judicial resources and invite the very inconsistencies that the first-to-file rule is designed to prevent. Because the California federal litigation was filed first and LPL consents to the move, transferring this case is the only sensible move. Accordingly, it is now **ORDERED**:

1. Symetra and LPL's motions to dismiss (Docs. 27, 28) are **GRANTED** as set forth above. The Clerk is directed to transfer this case to the Central District of California under 28 U.S.C. § 1404(a). The motions are otherwise **DENIED**, leaving it to the transferee court to address Defendants' remaining arguments on the merits.

2. Following transfer, the Clerk is directed to terminate all deadlines and close the case.

**ENTERED** in Fort Myers, Florida on September 10, 2026.



Kyle C. Dudek
United States District Judge